## BANKERS MORTG. CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 10821.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1944.

Rehearing Denied April 26, 1944.

See 142 F.2d 130.

J. L. Lockett, of Houston, Tex., for petitioner.

Carlton Fox, Sewall Key, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The Tax Court held that the transaction between the taxpayer and the Humble Oil and Refining Company was a sale of mineral rights and not a loan and mortgage secured thereby. We concur. We do not see that any useful purpose would be served by an extended recitation of the details of the agreements between the taxpayer and the Oil Company. As in Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 278, 84 L.Ed. 319, the court, looking through form to substance, regards the situation as "a technically elegant arrangement whereby an intricate outward appearance was given to the simple sale" from the taxpayer to the Oil Company. The decision of the Tax Court is, therefore, affirmed both on the main issue and on the alternative contention that the taxpayer was entitled to depletion allowances.

Affirmed.

SIBLEY, Circuit Judge (dissenting).

Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319, is not at all like this case. In that, it was found as a

fact that there was a scheme to evade the tax on the taxpayer by creating a corporation wholly owned by him to take a gain which should have gone to the taxpayer. In this case the Tax Court in its first opinion said things which indicated it doubted the sincerity of the instruments here involved. It entertained a motion to reopen the case for additional evidence on that question, and overruled the motion because, supposing the facts sought to be proved to be established, the decision would be the same on a mere construction of the written instruments. Taking them at their face value, I think they show a loan without personal liability secured by a transfer of oil royalties to be applied to the repayment of the loan, with options to the parties touching the purchase of all mineral interests in the lands on the happening of stated events. These elaborate options are testified to have been provided to protect the taxpayer's possible rights to oil at lower depths than were being worked under the present lease which the lender and lessee might not wish to develop or buy, but which the taxpayer might wish to retain if the shallow oil should be exhausted. I think there was no outright sale unless and until the option to buy was exercised as provided therein.